Filed 10/17/14  P. v. Price CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. CHERYL LYNN PRICE, Defendant and Appellant. | F065515 (Super. Ct. No. VCF246681) OPINION |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Linda J. Zachritz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Detjen, J.

## INTRODUCTION

After a jury trial, defendant Cheryl Lynn Price was convicted of two felony counts of resisting an executive officer (Pen. Code,[1] § 69), and one count of misdemeanor battery on a peace officer (§ 243, subd. (b)). She was sentenced to two years, to run concurrent to the term imposed in Tulare County Superior Court case No. VCF232931.

On appeal, defendant contends her conviction for battery on a peace officer must be reversed because the court failed to give the unanimity instruction to the jury. We will affirm.

## FACTS

On the evening of November 22, 2010, Deputy Karyse Sandoval booked defendant in to the Bob Wiley Detention Facility in Bakersfield. Defendant cooperated with the process until Sandoval said they were going to take her photograph. Defendant became angry and refused to have her photograph taken. She yelled at Sandoval that "she was going to take … no fucking picture." Sandoval tried to calm defendant down, but to no avail.

Sergeant John Chabrajez heard the disturbance and approached defendant. Chabrajez asked defendant to have her mug shot taken, and offered to only take one instead of three separate pictures. Defendant cursed Chabrajez and said, "Fuck no, no picture tonight."

Chabrajez noticed defendant had a small pencil in her left hand, which an officer gave her to sign her paperwork. Chabrajez ordered defendant to drop the pencil and place her hands behind her back. Defendant was angry, continued to yell, and did not obey his orders. Defendant clenched the pencil tightly in her hand and walked toward Chabrajez. Chabrajez stepped back and away from defendant.

---

[1]     All further statutory citations are to the Penal Code unless otherwise indicated.

Chabrajez and Sandoval ordered defendant to drop the pencil and place her hands behind her back. Defendant ignored their orders, and continued to curse and "aggressively" walk toward Chabrajez. Defendant pushed Chabrajez once or twice against the wall.[2]

Sandoval tried to grab defendant's right arm to escort her into the processing room. Defendant tried to swing her arm at Sandoval. Chabrajez grabbed defendant's left arm because he was concerned about the pencil. Defendant dropped her full weight to the floor.

Once defendant was on the floor, she was on her side and the officers ordered her to roll on her stomach. Defendant refused. She was loud, angry and continued to yell and curse. Chabrajez held onto defendant's left arm, but defendant swung her right arm and kicked Sandoval, who was trying to hold down her legs.

Sandoval placed shackles on defendant's legs and stayed on top of her. At some point, Chabrajez was able to get the pencil out of defendant's hand and it rolled away.

As defendant continued to struggle, she grabbed Chabrajez's right arm with her fingernails, pulled his arm to her mouth, and bit the crease of his arm. Chabrajez yelled that defendant was trying to bite him, and released defendant's left arm to Sergeant Doyle, who was trying to assist them. Additional deputies responded and eventually subdued defendant.

Chabrajez testified he suffered a couple of scratches and a laceration on his arm when defendant bit him. The prosecution introduced photographs of his arm. Chabrajez testified there was a small amount of blood on the laceration, which appeared to be a slight puncture wound. The jail nurse cleaned the wound. He later went to the

---

[2] The disturbance was captured on the detention facility's surveillance camera. The prosecutor introduced the videotape and played it for the jury, accompanied by Chabrajez's narration of the incident.

emergency room, where he was given a two-week course of antibiotics. He also filed a workers' compensation claim, received treatment from a physician, and was tested for communicable diseases.

**The charges and convictions**

Defendant was charged with count 1, felony battery on a peace officer, Chabrajez, causing injury (§ 243, subd. (c)(2)). As we will discuss below, this count was based on defendant's act of biting Chabrajez on the arm. The jury was also instructed on two lesser included offenses for count 1: battery on a peace officer without injury; and battery, without requiring proof that Chabrajez was a peace officer performing his duties. The jury did not receive the unanimity instruction for count 1.

In addition, defendant was charged with counts 2 and 3, felony resisting an executive officer by the use of force or violence. Count 2 was based on defendant's resistance of Chabrajez by shoving, biting, and/or swinging at him. The court granted the prosecutor's request to give the unanimity instruction for count 2, and the jury was instructed that it could not find defendant guilty of that offense unless it agreed "the People have proved that the defendant committed at least one of these acts and you all agree on which act she committed."[3] Count 3 was based on defendant's resistance of Sandoval by kicking her. It was also alleged that defendant had one prior strike conviction.

Defendant was found not guilty of count 1 as charged, but guilty of the lesser included offense of battery on a peace officer (§ 243, subd. (b)), which the court declared to be a misdemeanor. She was found guilty of felony counts 2 and 3. The court found

---

[3] During the instructional phase, the prosecutor requested the unanimity instruction for count 2 because the charged and lesser included offenses could be based on any of three acts when defendant shoved, swung at, or bit Chabrajez. Defense counsel concurred with the request, and the court gave the instruction only as to count 2.

4.

the prior strike conviction true, but subsequently dismissed it.  The court sentenced defendant to two years, to be served concurrently with the term imposed in another case.

## DISCUSSION

### THE UNANIMITY INSTRUCTION
### WAS NOT REQUIRED FOR COUNT 1

Defendant contends the court had a sua sponte duty to give the unanimity instruction for count 1 and the lesser included offenses for that charge.  Defendant argues that while her alleged act of biting Chabrajez may have been the basis for the charged offense in count 1, there were multiple acts upon which the jurors could have relied to find her guilty of the lesser included offense of battery on a peace officer, such as shoving Chabrajez against the wall, swinging her arm at him, and/or biting him.

Defendant acknowledges the unanimity instruction was given for count 2, resisting Chabrajez, because the prosecutor relied on three different acts—shoving, swinging at, or biting him.  Defendant asserts the unanimity instruction should have been given for count 1 because the jury could have relied on any of the same three acts to convict her of the lesser included offense of battery on a peace officer without injury.

As we will explain, the court was not required to give the unanimity instruction for count 1 because the prosecutor used closing argument to make an election that count 1 and the lesser included offenses were based on defendant's act of biting Chabrajez.

### A.     Unanimity and an election

"In a criminal case, a jury verdict must be unanimous.  [Citations.] ....
Additionally, the jury must agree unanimously the defendant is guilty of a *specific* crime.  [Citation.]  Therefore, cases have long held that when the evidence suggests more than one discrete crime, either the prosecution must elect among the crimes or the court must require the jury to agree on the same criminal act.  [Citations.]  [¶]  This requirement of unanimity as to the criminal act 'is intended to eliminate the danger that the defendant

5.

will be convicted even though there is no single offense which all the jurors agree the defendant committed.' [Citation.]" (*People v. Russo* (2001) 25 Cal.4th 1124, 1132.)

A prosecutorial election may be accomplished by means of opening statement and/or closing argument. (*People v. Mayer* (2003) 108 Cal.App.4th 403, 418-419; *People v. Hawkins* (2002) 98 Cal.App.4th 1428, 1454-1455; *People v. Diaz* (1987) 195 Cal.App.3d 1375, 1382-1383.) The court has a sua sponte duty to instruct on unanimity when no election has been made. (*People v. Melhado* (1998) 60 Cal.App.4th 1529, 1534.)

## B.     Analysis

In this case, the court did not have a sua sponte duty to give the unanimity instruction for count 1 because the prosecutor clearly made an election in his closing argument that the charged and lesser included offenses were based on defendant's act of biting Chabrajez.

The prosecutor began his closing argument by explaining that count 1 was for defendant's commission of "battery on an officer causing injury and that is for biting Sergeant Chabrajez." The prosecutor reviewed the elements of count 1, and acknowledged that a battery could be any sort of touching, including shoving or kicking, but "because the charge is battery causing injury it is based on the defendant's action of biting Sergeant Chabrajez." "In this case the biting is the primary basis for this charge because that is what caused the injury."

The prosecutor further explained that count 1 required an injury, referred the jury to the instructional definition of an injury, and argued it did not have to be life-threatening or serious but "it has to be an injury."[4] The prosecutor asked the jury to

---

**4**     As to count 1, battery with injury, the jury was instructed an injury was "any physical injury that requires professional medical treatment. The question whether an injury requires such treatment cannot be answered simply by deciding whether or not a person sought or received

review the photographs of Chabrajez's arm, and argued defendant's act of biting him inflicted puncture wounds, which constituted an injury since it required medical treatment.

The prosecutor also addressed the lesser included offenses for count 1, and explained the greater offense was battery on a peace officer causing injury.

> "Now there is lesser include[d] that are within that, you can't commit battery with injury on a peace officer without committing battery with injury and you also can't commit battery with injury without committing a battery. So battery would be a lesser included of battery with injury which is also a lesser included [of] battery with injury on a peace officer, if that makes sense. [¶] … [¶]

> "If you decide that the defendant is not guilty of battery with injury on a peace officer then you can also deliberate on whether the defendant is guilty of battery with injury or just simple battery. But I am going to explain to you that the evidence shows the crimes that are charged. [¶] If the defendant is guilty she is guilty of the crimes that are charged and the evidence does show battery with injury on a peace officer. Sergeant Chabrajez was a peace officer, he was injured and so this wasn't just a simple battery."

The prosecutor additionally discussed the elements of count 2, resisting an executive officer as to Chabrajez. The prosecutor stated that count 2 was based on defendant's act of using force or violence when she shoved Chabrajez against the wall, swung at him while he was trying to restrain her, and bit his arm. The prosecutor referred the jury to the unanimity instruction for count 2, which stated that the jury could not find the defendant guilty "unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act she committed," pushing, swinging, or biting Chabrajez. The prosecutor explained the jury had to unanimously agree which of the acts was the basis for count 2. The prosecutor explained

---

treatment. You may consider all of those facts but you must consider this question based on the nature, extent and seriousness of the injury itself."

count 3, resisting Sandoval, was separately based on defendant's act of kicking Deputy Sandoval.

In his closing argument, defense counsel acknowledged the prosecutor's election for count 1 and that the charge was based "most particularly" on defendant's alleged act of "just biting" Chabrajez. Defense counsel argued defendant was not guilty of count 1 because the surveillance videotape did not show defendant biting Chabrajez, the photograph did not show any teeth marks on Chabrajez's arm, and he was likely scratched by the objects on the heavy belts worn by the other officers who were trying to handcuff defendant. Defense counsel disputed the prosecutor's claim that Chabrajez suffered an injury simply because the scratch was cleaned at the emergency room, particularly since the prosecutor never introduced any medical records. "So my argument is that this is not an injury that was requiring medical attention."

The prosecutor thus clarified to the jury the offense charged in count 1, and inherent in the lesser included offenses, was based on defendant's act of biting Chabrajez on the right arm, causing a puncture wound that required medical treatment. Defense counsel acknowledged the election, but framed the disputed issues as to whether defendant actually bit Chabrajez, and whether he suffered an injury within the meaning of the instruction.

Defendant argues that when the jury found her not guilty of battery causing injury, and found her guilty of the lesser offense of battery, it could have based that conviction on any of her three separate acts of shoving Chabrajez, swinging at him, or even biting him. Defendant notes the prosecutor relied on these three separate acts in support of count 2, which required the unanimity instruction, and argues the jury could have been mistakenly believed that it could rely on any of those same three acts to find defendant guilty of battery. Based on our review of closing argument, however, the prosecutor clearly distinguished between count 1, based on defendant's single act of biting

8.

Chabrajez causing injury, and the accompanying lesser offenses, and count 2, which was potentially based on the three separate acts and required unanimity.

Given the nature of the election and arguments before the jury, defendant's conviction in count 1 for the lesser included offense of battery on a peace officer without injury was based on the jury's determination that defendant bit Chabrajez, but she did not inflict an injury as defined by the instructions. The unanimity instruction was not required.

## DISPOSITION

The judgment is affirmed.